# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM BAXLEY, *individually and on behalf of all others similarly situated*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.:  2:20-cv-00022-SGC<br>)<br>)<br>)<br>)<br>) |

## ORDER

William Baxley, proceeding on behalf of himself and all others similarly situated ("Plaintiff), commenced this action by filing a complaint in this district court on January 7, 2020. (Doc. 1). He alleges Pareteum Corporation, Robert Turner, and Edward O'Donnell (collectively, "Defendants") violated the Securities Exchange Act of 1934. (*Id.*).

On March 2, 2020, Plaintiff filed an unopposed motion to transfer venue of this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404. (Doc. 6). As grounds, he states that on January 10, 2020, three actions filed against Defendants in the Southern District of New York in October 2019 were consolidated there (the "New York Action") and both a lead plaintiff and class counsel were appointed by that court. (*Id.* at ¶ 4, pp. 8-9).

According to Plaintiff, the facts alleged and claims asserted against Defendants in the New York Action are the same as those he asserts against Defendants in this action. (*Id.* at ¶ 3). He states he has conferred with the attorneys representing the Defendants in the New York Action and confirmed they do not oppose the requested transfer. (*Id.* at ¶ 9). He represents that, in fact, absent his voluntary motion to transfer venue, Defendants would have sought such transfer themselves. (*Id.*).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In addressing a motion under § 1404(a) a court must determine: (1) whether the action could have been filed in the judicial district to which transfer is sought and (2) whether the circumstances warrant transfer. *Am. Chemicals & Equip. Inc. 401(K) Ret. Plan v. Principal Mgmt. Corp.*, 2014 WL 294481, *1 (N.D. Ala. Jan. 24, 2014). In determining whether the circumstances warrant transfer, a court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative fact; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir.2005). "The decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Conn. Gen. Life Ins. Co.,* 934 F.2d 1193, 1197 (11th Cir.1991).

The pendency of the New York Action in the Southern District of New York makes it sufficiently clear to the undersigned that this action could have been brought in that judicial district. Moreover, the circumstances weigh in favor of transferring this action to that judicial district. Transfer of the action to the Southern District of New York where, presumably, it will be consolidated with the New York Action, will create efficiencies likely to benefit all parties, as well as witnesses. *See Principal Mgmt. Corp.*, 2014 WL 294481 at *3 ("The convenience of the parties and witnesses is often considered the single most important factor in the transfer analysis.") (citing *Stiefel Labs., Inc. v. Galderma Labs., Inc.,* 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008)). Transfer will also promote judicial economy to the extent one district court will dispose of multiple substantially similar claims asserted against the same defendants. Finally, although Plaintiff did commence this action in the Northern District of Alabama, his pending motion makes clear the Southern District of New York is now his choice of forum, and Defendants agree the action should be transferred to that judicial district.

For the foregoing reasons, Plaintiff's motion to transfer venue (Doc. 6) is **GRANTED**. The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Southern District of New York.

**DONE** this 30th day of April, 2020.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE